UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BBMB, INC., a Missouri Corporation, d/b/a POTOSI LUMBAR COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:09CV1879 TIA ) |
| PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Pennsylvania Lumbermens Mutual Insurance Company's Motion to Dismiss or in the Alternative to Stay Plaintiff's Cause of Action (Docket No. 17). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Defendant issued Policy No. 24-0005-01-04 to Plaintiff, BBMB, Inc., with an effective period of October 15, 2004 to October 15, 2005. (Deft Memo. Supp. Dismiss/Stay, Exh. A). After portions of Plaintiff's real property, buildings and inventories were damaged in a windstorm on October 18, 2004, Plaintiff made a claim for loss to property and other damage, and Defendant made payment on part of the claim. (Pltf's Petition). In the Petition filed on October 9, 2009, Plaintiff seeks payment for the full amount of the loss covered under the Insurance Contract. (Id.).

The policy provides that either party may demand an appraisal if the parties fail to agree on the value of the property or the amount of loss as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Th two appraisers will select an umpire. If they

cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Deft Memo. Supp. Dismiss/Stay, Exh. B at 9). The policy also provides that no suit may be filed unless "[t]here has been full compliance with all of the terms of this Coverage Part." (Deft Memo. Supp. Dismiss/Stay Exh. C at 1). The parties do not dispute that, under the terms of the policy, a properly demanded appraisal prohibits a party from instituting a legal action. Accord Harris v. American Modern Home Ins., 571 F.Supp.2d 1066, 1081 (E.D. Mo. 2008) (holding that an appraisal provision is a valid precondition to filing a suit on an insurance policy under Missouri law).

Missouri courts have held that appraisal provisions in insurance policies are binding and enforceable. See, e.g., Lance v. Royal Ins. Co., 259 S.W. 535, 535 (Mo.Ct.App. 1924) ("A provision in an insurance policy for the amount of the loss to be ascertained by appraisers in case of disagreement in relation thereto is binding and enforceable, and must by complied with before a right of action accrues to the insured."); Williamson v. Liverpool & London & Globe Ins. Co., 122 F. 59, 62 (8th Cir. 1903)("Our conclusion is that an insurance policy which authorizes the appraisers, in case of a disagreement as to the amount of the loss, to estimate and appraise the loss, empowers them to determine whether or not the loss is total, as well as to determine what the amount of the loss is in case they find it to be partial.").

Plaintiff has not cited any specific evidence as to prejudice if the Court stayed the litigation pending completion of the appraisal process. Allowing the appraisal to proceed before continuing with the litigation is most consistent with the terms of the insurance contract, which provides for appraisal if the parties cannot agree on the amount of the loss and either party makes a written

demand for appraisal. Plaintiff has admitted that it was required to file suit to avoid statute of limitations problems. Given the agreement in the Policy to submit to appraisal, the Court will stay the instant cause until Defendant has completed the appraisal process. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pennsylvania Lumbermens Mutual Insurance Company's Motion to Dismiss or in the Alternative to Stay Plaintiff's Cause of Action (Docket No. 17) is GRANTED and this case is STAYED until further order.

**IT IS FURTHER ORDERED** that Defendant shall complete the appraisal process no later than July 21, 2010. The parties shall notify the Court within seven days of completion of the appraisal.

Dated this __28th__ day of April, 2010.

                                                            /s/Terry I. Adelman
                                       UNITED STATES MAGISTRATE JUDGE