UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BBMB, INC., a Missouri Corporation, d/b/a POTOSI LUMBAR COMPANY, ) ) ) Plaintiff, ) ) v. ) ) PENNSYLVANIA LUMBERMENS ) MUTUAL INSURANCE COMPANY, ) ) Defendant. ) | Case No. 4:09CV1879 TIA |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Pennsylvania Lumbermens Mutual Insurance Company's Motion to Enter Judgment in Favor of Plaintiff BBMB, Inc. in the Amount of $130,000 and to Dismiss Plaintiff BBMB, Inc.'s Claim With Prejudice (Docket No. 32) and Plaintiff BBMB, Inc.'s Motion for Leave to File First Amended Complaint (Docket No. 33). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Defendant issued Policy No. 24-0005-01-04 to Plaintiff, BBMB, Inc., with an effective period of October 15, 2004 to October 15, 2005. (Deft Memo. Supp. Dismiss/Stay, Exh. A). After portions of Plaintiff's real property, buildings and inventories were damaged in a windstorm on October 18, 2004, Plaintiff made a claim for loss to property and other damage, and Defendant made payment on part of the claim. (Pltf's Petition). In the Petition filed on October 9, 2009, Plaintiff seeks payment for the full amount of the loss covered under the Insurance Contract. (Id.).

The policy provides that either party may demand an appraisal if the parties fail to agree on the value of the property or the amount of loss as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Th two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Deft Memo. Supp. Dismiss/Stay, Exh. B at 9). The policy also provides that no suit may be filed unless "[t]here has been full compliance with all of the terms of this Coverage Part." (Deft Memo. Supp. Dismiss/Stay Exh. C at 1). The parties do not dispute that, under the terms of the policy, a properly demanded appraisal prohibits a party from instituting a legal action. Accord Harris v. American Modern Home Ins., 571 F.Supp.2d 1066, 1081 (E.D. Mo. 2008) (holding that an appraisal provision is a valid precondition to filing a suit on an insurance policy under Missouri law).

Missouri courts have held that appraisal provisions in insurance policies are binding and enforceable. See, e.g., Lance v. Royal Ins. Co., 259 S.W. 535, 535 (Mo.Ct.App. 1924) ("A provision in an insurance policy for the amount of the loss to be ascertained by appraisers in case of disagreement in relation thereto is binding and enforceable, and must by complied with before a right of action accrues to the insured."); Williamson v. Liverpool & London & Globe Ins. Co., 122 F. 59, 62 (8th Cir. 1903)("Our conclusion is that an insurance policy which authorizes the appraisers, in case of a disagreement as to the amount of the loss, to estimate and appraise the loss, empowers them to determine whether or not the loss is total, as well as to determine what the amount of the loss is in case they find it to be partial.").

Given the agreement in the Policy to submit to appraisal, the Court entered an Order on April 28, 2010 staying the instant cause until completion of the appraisal process. The court noted that allowing the appraisal to proceed before continuing with the litigation is most consistent with the

terms of the insurance contract, which provides for appraisal if the parties cannot agree on the amount of the loss and either party makes a written demand for appraisal. Plaintiff has admitted that it was required to file suit to avoid statute of limitations problems.

On May 20, 2010, Defendant filed a Motion for Lifting of Limited Stay and Selection of Umpire after the appraiser suggested potential umpires to Plaintiff in order to complete the appraisal process but not receiving a response from Plaintiff or its appraiser regarding the selection of the suggested umpires. Likewise, Plaintiff did not file any opposition or responsive pleading to the Motion for Lifting Stay and Selection of Umpire. On June 2, 2010, the Court lifted the stay for the limited purpose of selecting an umpire, the Honorable Stephen Limbaugh.

In a letter dated September 22, 2010, Umpire Limbaugh apprised the undersigned of how he had met with counsel for the parties, and they each presented their position with their expert witnesses present. Due to format changes at the time of the hearing, counsel requested additional time to submit post-hearing materials. Umpire Limbaugh further opined that "[o]ne of the parties believes that this appraisal is not binding and that there will still be an opportunity for a jury trial on the merits. The other party believes that the final appraisal submitted to you is binding pursuant to the terms of the policy."

In a letter dated December 20, 2010, Umpire Limbaugh apprised the undersigned of his decision in the capacity of the umpire but how Plaintiff and its appraiser do not agree with his findings. Umpire Limbaugh noted that "[t]he policy provides that a decision can be made by the Umpire and one of the two appraisers." In the Report of Umpire, Limbaugh submitted on behalf of Defendant, its appraiser, and the Umpire the following findings:

As a decision by the Umpire and either of the parties appraiser is binding pursuant to the terms

of the policy the amount of loss is set out as follows:

1. Inventory loss claim:

    a. Policy Limits $860,000.00

    b. Amount Paid $711,105.37

    c. Award for additional loss $75,000.00

2. Lost business claim:

    a. Policy Limits $180,000.00

    b. Amount Paid $47,332.00

    c. Award for additional loss $56,000.00

3. Recapitulation of Award finding additional Loss not previously paid:

    a. Inventory loss $75,000.00

    b. Lost business lost $56,000.00

4. TOTAL AWARD for amount of additional loss $131,000.00

In the Supplemental Report of Umpire submitted on December 22, 2010, Umpire Limbaugh, Defendant and its appraiser denied Plaintiff's claim for pre-judgment interest and damages for vexatious refusal to pay.

On December 29, 2010, Plaintiff filed a Motion for Leave to File First Amended Complaint (Docket No. 28) seeking to add a request for prejudgment interest in its request for relief and a count for vexatious refusal to pay pursuant to § 375.420 Mo. Rev. Stat. In Response, Defendant noted how Judge Limbaugh submitted his Supplemental Report denying Plaintiff's claim for pre-judgment interest and damages for vexatious refusal to pay as agreed upon by Defendant. Defendant argued

inasmuch as the terms of the insurance policy provide that a decision agrees upon by any two is binding, Plaintiff "is entitled to no more than the amount in the decision."

On January 10, 2011, Defendant filed a Motion to Lift Stay (Docket No. 30) requesting the Court to enter judgment in favor of Plaintiff in the amount of $131,000.00 pursuant to the Umpire's Report and to dismiss Plaintiff's Petition against Defendant with prejudice inasmuch as Defendant has satisfied the Umpire's decision by tendering to Plaintiff's counsel two checks totaling $131,000.00 and forwarding pleading for Satisfaction of Judgment and a pleading for a Stipulation for Dismissal with prejudice.

Plaintiff filed a Request to Withdraw Motion for Leave to File First Amended Complaint (Docket No. 31), and the undersigned granted the same in a docket text order dated January 13, 2011. (Docket No. 34).

On January 11, 2011, Defendant filed a Motion to Enter Judgment in Favor of Plaintiff BBMB, Inc. in the Amount of $131,000.00 and to Dismiss Plaintiff BBMB, Inc.'s Claim with Prejudice (Docket No. 32) requesting the Court to enter judgment in favor of Plaintiff in the amount of $131,000.00 and dismiss Plaintiff's Petition with prejudice. On January 13, 2011, Plaintiff filed a Motion for Leave to File First Amended Complaint (Docket No. 33) seeking to file an amended complaint in order to add a request for prejudgment interest in its request for relief and to add a count for vexatious refusal to pay. Plaintiff contends that Umpire Limbaugh acted beyond the purview of the umpire by not only determining the amount of damages that resulted from the loss but also adjudicating his legal claims.

The Case Management Order ("CMO") entered on February 18, 2010 required Plaintiff to file any amendment of its pleadings no later than June 1, 2010. (Docket No. 11). Accordingly,

Plaintiff's request comes seven months after the deadline for amending its pleading. This Court's CMO states that it "will be modified only upon a showing of exceptional circumstances." To wit, the Eighth Circuit has stated that the standard in modifying case management orders is "good cause," which is less forgiving than that required to amend pleadings under Rule 15.

> Federal Rule of Civil Procedure 16(b) specifies that [case management orders] "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion.

Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (quoting Fed.R.Civ.P. 16(b)). "[T]he existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." Id. at 809.

When a party seeks leave to amend its complaint after the deadline in the applicable case management order has passed, as in this case, "Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the standard of Rule 15(a)." Travelers Indem. Co. of America v. Holtzman Properties, L.C.C., 2009 WL 485056, at *1 (E.D. Mo. Feb. 26, 2009). While Rule 15(a) liberally permits amended pleadings "when justice so requires," Rule 16 states that scheduling orders "shall not be modified except upon a showing of good cause." Schenk v. Chavis, 259 F.App'x 905, 907 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman v. Winco Fireworks, Inc. 532 F.3d 709, 716 (8th Cir. 2008).

Plaintiff asks the Court for leave to amend its complaint to add a request for prejudgment interest in its request for relief and to add a count for vexatious refusal to pay. Plaintiff has not provided any showing of good cause for seeking this request. Further, Defendant will be prejudiced if Plaintiff is allowed to amend its complaint over seven months after the CMO's deadline to do so, and after completion of the appraisal process. Accordingly, the Court will deny Plaintiff's Motion for Leave to File First Amended Complaint to add a count for vexatious refusal to pay.

With respect to the request for prejudgment interest, the undersigned finds that although Plaintiff did not specifically request prejudgment interest in the prayer for relief in the Petition, Plaintiff is not precluded from recovering prejudgment interest. In relevant part, Plaintiff requested in the prayer "all other appropriate relief that the Court deems just and proper." Missouri cases consistently hold that general requests for relief in the petition's prayer are sufficient. See, e.g., Watters v. Travel Guard Int'l, 136 S.W.3d 100, 111-12 (Mo. Ct. App. 2004) (stating prayer for money judgment "plus interest" sufficient demand); General Aggregate Corp. v. LaBrayere, 666 S.W. 2d 901, 910 (Mo. Ct. App. 1984); Haynes v. Allen, 482 S.W.2d 85, 89 (Mo. Ct. App. 1972) (holding that petition's prayer "to grant such other and further relief as the court may deem meet and proper in the premises" was sufficient demand). "Prejudgment interest is not a matter of right but must be based upon either a statute or contract, either express or implied." Structure and Design, Unlimited, Inc. v. Contemporary Concepts Bldg. and Design, Inc., 151 S.W.3d 904, 909 (Mo. Ct. App. 2004). In light of the foregoing, the undersigned will direct the parties to brief the issue of prejudgment interest. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pennsylvania Lumbermens Mutual Insurance Company's Motion to Enter Judgment in Favor of Plaintiff BBMB, Inc. in the Amount of $130,000

and to Dismiss Plaintiff BBMB, Inc.'s Claim With Prejudice (Docket No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff BBMB, Inc.'s Motion for Leave to File First Amended Complaint (Docket No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties submit briefs no later than June 17, 2011 regarding the possible award of prejudgment interest.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  31st  day of May, 2011.