UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BBMB, INC., a Missouri Corporation, <br> d/b/a POTOSI LUMBAR COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PENNSYLVANIA LUMBERMENS <br> MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 4:09CV1879 TIA |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' briefs regarding the award of prejudgment interest. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Defendant issued Policy No. 24-0005-01-04 to Plaintiff BBMB, Inc. with an effective period of October 15, 2004 to October 15, 2005. After portions of Plaintiff's real property, buildings and inventories were damaged in a windstorm on October 18, 2004, Plaintiff made a claim for loss to property and other damage, and Defendant made payment on part of the claim. (Pltf's Petition). In the Petition filed on October 9, 2009, Plaintiff seeks payment for the full amount of the loss covered under the Insurance Contract. (Id.).

The policy provides that either party may demand an appraisal if the parties fail to agree on the value of the property or the amount of loss as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Th two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount

of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Deft Memo. Supp. Dismiss/Stay, Exh. B at 9). The policy also provides that no suit may be filed unless "[t]here has been full compliance with all of the terms of this Coverage Part." (Deft Memo. Supp. Dismiss/Stay Exh. C at 1). The parties do not dispute that, under the terms of the policy, a properly demanded appraisal prohibits a party from instituting a legal action. Accord Harris v. American Modern Home Ins., 571 F.Supp.2d 1066, 1081 (E.D. Mo. 2008) (holding that an appraisal provision is a valid precondition to filing a suit on an insurance policy under Missouri law).

Given the agreement in the Policy to submit to appraisal, the Court entered an Order on April 28, 2010 staying the instant cause until completion of the appraisal process.

In a letter dated December 20, 2010, Umpire Limbaugh apprised the undersigned of his decision in the capacity of the umpire but how Plaintiff and its appraiser do not agree with his findings. Umpire Limbaugh noted that "[t]he policy provides that a decision can be made by the Umpire and one of the two appraisers." In the Report of Umpire, Limbaugh submitted on behalf of Defendant, its appraiser, and the Umpire the following findings:

As a decision by the Umpire and either of the parties appraiser is binding pursuant to the terms of the policy the amount of loss is set out as follows:

1. Inventory loss claim:
   a. Policy Limits              $860,000.00
   b. Amount Paid                $711,105.37
   c. Award for additional loss  $75,000.00
2. Lost business claim:
   a. Policy Limits              $180,000.00
   b. Amount Paid                $47,332.00
   c. Award for additional loss  $56,000.00
3. Recapitulation of Award finding additional Loss not previously paid:

|   |   |   |
|---|---|---|
| | a. Inventory loss | $75,000.00 |
| | b. Lost business lost | $56,000.00 |
| 4. | TOTAL AWARD for amount of additional loss | $131,000.00 |

In the Supplemental Report of Umpire submitted on December 22, 2010, Umpire Limbaugh, Defendant and its appraiser denied Plaintiff's claim for pre-judgment interest and damages for vexatious refusal to pay.

On January 11, 2011, Defendant filed a Motion to Enter Judgment in Favor of Plaintiff BBMB, Inc. in the Amount of $131,000.00 and to Dismiss Plaintiff BBMB, Inc.'s Claim with Prejudice (Docket No. 32) requesting the Court to enter judgment in favor of Plaintiff in the amount of $131,000.00 and dismiss Plaintiff's Petition with prejudice.

In the May 31, 2011, Order the undersigned granted Defendant Pennsylvania Lumbermens Mutual Insurance Company's Motion to Enter Judgment in Favor of Plaintiff BBMB, Inc. in the Amount of $130,000 and entered a separate Judgment in accordance with this Memorandum and Order on the same date. As ordered, the parties submitted briefs regarding the possible award of prejudgment interest and the undersigned held a hearing on this matter on July 6, 2012.

Prejudgment interest is a matter of substantive state law. First Am. States Bank v. Milnikel, 897 F.2d 319, 327 (8th Cir. 1990). Missouri's prejudgment interest statute, Mo. Rev. Stat. § 408.020, provides in relevant part:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made.

For prejudgment interest to be awarded, the claim for damages must be liquidated. Rois v. H.C.

Sharp Co., 203 S.W.3d 761, 766 (Mo. Ct. App. 2006). "A claim is liquidated when the claim is 'fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard.'" Id. "The mere existence of a dispute relative to liability does not render a claim unliquidated," and if "the amount of damages is fairly certain, even though liability is an issue, the court will award prejudgment interest." Lundstrom v. Flavan, 965 S.W.2d 861, 866 (Mo. Ct. App. 1998). No "exact calculation" of a claim is required for a claim to be liquidated. Hocker Oil Co. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d 510, 521 (Mo. Ct. App. 1999). The fact the amount payable is put in doubt because defendant contests liability or asserts defenses or counterclaims does not convert the claim into an unliquidated claim or preclude plaintiff's recovery of prejudgment interest. Ehrle v. Bank Bldg. & Equip. Corp. 530 S.W.2d 482, 497 (Mo. Ct. App. 1975). If the prejudgment interest statute applies, an award of interest is not discretionary, but is compelled. Rois, 203 S.W.3d at 767.

"Under Missouri law, a defendant's denial of liability or challenge to the amount claimed on a contract will not alter the fact that the amount claimed by the plaintiff is sufficiently ascertainable to require the award of prejudgment interest." St. Joseph Light & Power Co. v. Zurich Ins. Co., 698 F.2d 1351, 1356 (8th Cir. 1983) (citing Denton v. Constr. Co. v. Missouri State Highway Comm'n, 454 S.W.2d 44, 59-60 (Mo. 1970). See also Schmidt v. Morival Farms, 240 S.W.2d 952, 961 (Mo. 1951) ("Interest is the measure of damages for failure to pay money when payment is due even though the obligor refuses payment because he questions legal liability for all or portions of the claim."). A dispute as to liability does not make the amount unliquidated for purposes of denying prejudgment interest. Knight v. DeMarea, 670 S.W.2d 59, 64 (Mo. Ct. App. 1984); but see TVI, Inc. v. Infosoft Technologies, Inc., 2008 WL 554361, at * 1 (E.D. Mo. 2008) (finding party not entitled

to award of prejudgment interest in the entire amount requested inasmuch as a bona fide dispute existed over the amount of damages owed).

Here, the amount of payment due under the Policy was $131,000.00 as determined by the Honorable Stephen Limbaugh who served as the Court's appointed umpire. Specifically, Umpire Limbaugh reduced the insured's total claimed loss income of $206,189.00 to $56,000.00, or 27.16% of the alleged loss citing inflation of business loss and interest on additional financing as his reasons. Moreover, Umpire Limbaugh reduced the insured's total claimed inventory loss of $248,642.17 to $75,000.00, or 30.16% of the alleged loss discounting the insured's inventory claim after a reduction of credit for salvage, lack of proof of employee dishonesty, and inflation of special orders and damaged inventory sold and undamaged inventory. In the Supplemental Report of Umpire, Umpire Limbaugh, Defendant, and its appraiser denied Plaintiff's claim for prejudgment interest and damages for vexatious refusal to pay. While the actual dollar amount of the payment was not determined until Umpire Limbaugh issued his findings, it cannot be said that the amount of damages was not ascertainable. The fact that Defendant disputed the amount owed to Plaintiff does not make Plaintiff's claim unliquidated or unascertainable. Glover v. Missouri Prop. Ins. Placement Facility, 676 S.W.2d 66, 70 (Mo. Ct. App. 1984) ("The fact [the insurer] contests its liability under the policy does not make the amount due [under the policy] unliquidated"). Accordingly, Plaintiff's claim is one which prejudgment interest may be awarded, and the Court must ascertain the date on which such interest begins to run.

Under Missouri law, prejudgment interest on unpaid insurance benefits generally runs from time amount became due and payable under the policy. Commercial Union Assur. Co. of Australia, Ltd., Melbourne v. Hartford Fire Ins. Co., 86 F.Supp.2d 921, 931-32 (E.D. Mo. 2000). Missouri

courts have found that "[a]lthough the demand need be in no certain form, it must be definite as to amount and time." Nusbaum v. City of Kansas City, 100 S.W.3d 101, 109 (Mo. banc. 2003). There must be "no doubt as to when and how much payment is due." Children Int'l. v. Ammon Painting Co., 215 S.W.3d 194, 204 (Mo. Ct. App. 2006). Prejudgment interest runs to the date of the judgment. Jerry Bennett Masonry Contractor, Inc. v. Crossland Constr. Co., 213 S.W.3d 733, 736 (Mo. Ct. App. 2007) (finding that any right appellant had to prejudgment interest "expired when that contractual obligation was reduced to a judgment obligation.").

Having determined that Missouri law authorizes prejudgment interest, at the rate of nine per cent per annum on the $131,000.00 judgment in Plaintiff's favor, the Court must now consider when the prejudgment interest began to accrue. Section 408.020 allows prejudgment interest "on accounts after they become due and demand of payment is made." Although Plaintiff asks that prejudgment interest be calculated from May 31, 2005 (the end of the Period of Restoration as defined by the Policy), the record does not reveal whether Plaintiff made a demand of payment on or before that date. Absent an earlier demand, Missouri law considers the date that the lawsuit was filed as the date of demand. If the party has not made a demand for prejudgment interest before filing suit, then Missouri law considers the filing itself to constitute a demand, as required for prejudgment interest to begin to accrue. Graybar Elec. Co., Inc. v. Federal Ins. Co., 567 F.Supp. 2d 1116, 1129 (E.D. Mo. 2008). Thus, Plaintiff is entitled to prejudgment interest at the statutory rate of 9 percent per annum, beginning on October 9, 2009, the date the instant action was filed, and ending on the date of judgment, May 31, 2011.

**IT IS HEREBY ORDERED** that Defendant Pennsylvania Lumbermens Mutual Insurance Company is ordered to pay Plaintiff BBMB, Inc. prejudgment interest at the rate of 9%, accrued

from October 9, 2009 through the date of judgment, May 31, 2011.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  11th  day of July, 2012.